JULY TERM, 1881, No. 79.                JANUARY 18TH 1882.

## Appeal of the Manufacturers' National Bank.

1. The existence of a mortgage executed by a married woman upon her separate estate to secure the bond of her husband is a sufficient consideration for a mortgage given by him to her.

2. A false declaration as to the amount of liens made by the husband to subsequent lien-creditors will not estop her from collecting her mortgage.

Before SHARSWOOD, C. J.; MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.

Appeal of the Manufacturers' National Bank from the decree of the Court of Common Pleas, No. 1, of *Philadelphia County*, confirming the report of an auditor appointed to distribute the proceeds of a sheriff's sale of real estate.

In the Court below Jesse Lane issued a *scire facias sur* mortgage against George H. Roberts, upon which he obtained judgment for $5168.33, and under a *levari facias* the premises embraced in the mortgage were sold to Margaret B. Roberts for $11,000. After the payment of the costs and the execution-creditor, the balance of $5469.58 was paid into court, and was referred to an auditor, John B. Colahan, for distribution.

The auditor reported the facts substantially as follows:

The liens of record upon the premises sold were,

1. A mortgage from George H. Roberts to Margaret B. Roberts, dated April 10th, 1879, for $7000.

2. A judgment confessed by George H. Roberts to Margaret B. Roberts, July 22d, 1879, for $500.

3. A judgment confessed by George H. Roberts to the Consolidation National Bank, July 26th, 1879, for $1800.

4. A judgment confessed by George H. Roberts to the Manufacturers' National Bank, July 28th, 1879, for $3106.60.

The indebtedness of the defendant to the Manufacturers' National Bank originated December 4th, 1877. Prior to the time at which this bank took the judgment-note held by them to secure his existing indebtedness, he misrepresented to it the amount of the incumbrances on his Third Street property, which was the one sold by the sheriff, by saying that there was an incumbrance against it of $5000, and thereby obtained additional time.

Margaret B. Roberts was the wife of the defendant. November 26th, 1856, the defendant, being then the owner of premises No. 1011 Arch Street, in the said city, subject to a mortgage of $10,000, conveyed them, without consideration, through a third person to his wife. At the time of this

settlement he was worth, above all debts, $50,000. The bond and mortgage of $10,000 upon this property was reduced, May 31st, 1864, by a payment of $5000 on account, of which Mrs. Roberts paid $2500. The interest was paid with her money and that of her husband.

To prove consideration for the mortgage held by Mrs. Roberts, it was shown that she executed a mortgage for $10,000 upon the Arch Street property September 15th, 1873, to secure a bond of her husband for the same amount to the Philadelphia Saving Fund. That sum was paid by the Saving Fund September 20th, 1873, to her husband with her consent. On the same day he paid off a mortgage for $10,000 on the Third Street property.

In 1859 Mrs. Roberts loaned her husband $2500, and in 1860 the further sum of $2000. Upon these sums the interest had been paid, but not the principal. In his ledger she was credited, January 1, 1868, with $4500, and every six months thereafter, until the time of the audit, was also credited with the interest and debited with its payment.

It was also in evidence that she had received, between 1859 and 1864, from the estates of different relatives, $17,301.71.

The reduced mortgage of $5000 and the subsequent mortgage of $10,000 upon the Arch Street property remained unpaid.

This mortgage of $10,000 and the loans of $4500 constituted the consideration for the mortgage of $7000, upon which, with the $500 judgment, the claim of Mrs. Roberts was based, and also the consideration of another mortgage for $7000, dated April 10th, 1879, to her from her husband upon other real estate owned by him. Until April 10th, 1879, Mrs. Roberts held no securities for the indebtedness to her, and no acknowledgment of the loans. He collected her interest, invested her money, and paid her interest and taxes.

The auditor found " that $10,000 of the consideration for the claim of the wife for $14,500 has been established. As to the remaining $4500, that has also been shown by loans to that amount made by Mrs. Roberts to her husband in 1859 and 1860, as already stated. These loans, as well as the ability of Mrs. Roberts to make them from her separate estate, has been proven," and that it was clearly a debt due by the husband to the wife.

He awarded the balance of $5149.58 to the wife.

Exceptions to this award were filed by the subsequent lien-creditors. The Court, June 18th, 1881, dismissed the exceptions and confirmed the report.

[Appeal of the Manufacturers' National Bank.]

The Manufacturers' National Bank then appealed, assigning as errors, 1 and 2, the dismissal of the exceptions and refusal to decree the fund to the appellant; 3, in holding that the indebtedness of George H. Roberts to Margaret B. Roberts amounted to a sum sufficient to take the entire fund; 4, in holding that the mortgage to secure her husband's bond created an indebtedness by the latter to the former; and 5, in holding that consideration for the $7000 had been shown.

*Robert H. Neilson* and *Aubrey H. Smith*, for the appellant.
The mortgage by the wife to secure her husband's bond did not create a debt between them.   She was a surety only, and he was the primary debtor.   Her liability was contingent.

The receipt by the husband of the money with the wife's consent amounted to a gift by her to him : Mann's Appeal, 14 Wr., 375 ; Hinney *v.* Phillips, 14 Wr., 382 ; Earley *v.* Rolfe, 9 W. N. C., 106.

Every intendment will be made in favor of the creditor: Garrison *v.* Monaghan, 9 C., 232 ; Wilson *v.* Silkman, 10 W. N. C., 364.

*Lewis Stover*, for the appellee.
In the case of Wingerd *v.* Fallon, 9 W. N. C., 163, this Court said, that, no matter whether it be a debt or a collateral security, it is a sufficient consideration for a mortgage.

The $10,000 were not a gift.   The law presumes a debt : Hamill's Appeal, 88 Penna. State, 363.

She was not estopped by his declaration: Klein *v.* Caldwell, 91 Penna. State, 140.

JANUARY 30TH, 1882.—PER CURIAM : From the facts found by the auditor it is very clear that Mrs. Roberts had a separate estate, derived otherwise than from her husband, and that her husband had credited her with these loans on his book.   There was ample consideration to sustain her mortgage of $7000 on the premises, and the amount awarded her fell short of that sum.   Even if her husband did make a false representation to the bank when he obtained the discount, that surely can be no estoppel to her.   They ought to have sought information on the subject of the amount of the incumbrances from the records.

Decree affirmed and appeal dismissed at the costs of the appellant.